UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00500-FDW-DSC

| | |
|---|---|
| R. MATTHEW DILLARD, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>) **ORDER**<br>)<br>CAREFIRST BLUECHOICE, INC. *et al.*, )<br>)<br>  Defendants. )<br>) | |

THIS MATTER is before the Court on the following motions: (1) Defendant Starpower, Inc.'s ("**Defendant Starpower**") original Partial Motion to Dismiss, (Doc. No. 13); (2) Defendant Starpower's Partial Motion to Dismiss, (Doc. No. 27); and (3) Defendant Star Dance Alliance, LLC's ("**Defendant Star Dance**" and collectively with Defendant Starpower, "**Defendants**") Partial Motion to Dismiss, (Doc. No. 34).[1] The motions have been fully briefed and are ripe for review. (Doc. Nos. 30, 32, 38, 39). For the reasons stated below, Defendant Starpower and Defendant Star Dance's Partial Motions to Dismiss are DENIED IN PART and GRANTED IN PART, and Defendant Starpower's original Partial Motion to Dismiss is DENIED AS MOOT.

## I. BACKGROUND

The allegations of Plaintiff's Amended Complaint are outlined herein. Defendant Starpower is a wholly owned subsidiary of Defendant Star Dance. (Doc. Nos. 25, p. 3; 36, p. 2). Plaintiff, R. Matthew Dillard, is a former employee of Defendants. (Doc. No. 25, p. 4). Plaintiff's

---

[1] The Court acknowledges Defendants filed separate motions. Because the motions are substantively the same with regard to Counts Two and Three, however, the Court analyzes the motions concurrently.

1

claims stem from his alleged disability, which was caused by work injuries and a "series of personal tragedies." Id. at 5-10.

On May 14, 2014, Plaintiff experienced a back injury, which led to diagnoses of a ruptured several disk, damaged nerves, and arthritis. Id. at 5. Later, in July 2014, Plaintiff suffered an additional back injury, which—combined with the May 2014 injury—resulted in significant pain, affected his mobility, and negatively affected his mental health. Id. Plaintiff was treated for his injuries and prescribed multiple medications to enable him to continue working for Defendants. Id. Plaintiff also suffered a depressive episode in May 2018, and then from February 2019 to June 2019, he became increasingly depressed. Id. at 9. Finally, Plaintiff was diagnosed with sinus tachycardia and depression on or about June 18, 2019, at which time he notified Defendants he would need time off to attend to his health issues. Id. at 9-10.

Plaintiff took time off from work from June 19, 2019, until August 17, 2019. Id. at 10. Then, on August 18, 2019, Plaintiff received a letter from Defendants, (Doc. No. 1-3), notifying him of his termination from Starpower, Inc. and offering to allow him to resign in lieu of being terminated. (Doc. No. 25, pp. 10-11). In August 2019, Defendants terminated Plaintiff's employment. Id. On December 11, 2019, Plaintiff filed his Charge of Discrimination based on Disability with the Equal Employment Opportunity Commission (the "**EEOC**"). (Doc. No. 7-2). The EEOC issued Plaintiff a Notice of Right to Sue on June 24, 2021, (Doc No. 1-1), and Plaintiff subsequently filed suit in this Court, see (Doc. No. 1). On December 22, 2021, Plaintiff filed his Amended Complaint against Defendants.[2] See (Doc. No. 25). Defendants subsequently filed their

---

[2] Four original Defendants—Carefirst Bluechoice, Inc., Carefirst of Maryland, Inc., Gary D. Pate, and Mark A. Barondess—were dismissed, only two remain. See (Doc. Nos. 19, 25).

Partial Motions to Dismiss, seeking dismissal of Counts Two and Three of Plaintiff's Amended Complaint.[3] See (Doc. Nos. 27, 34).

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court "must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, the Court is "not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Id. (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991)).

## III. ANALYSIS

### A. Retaliation

Count Two of Plaintiff's Amended Complaint seeks damages for Defendants' alleged violation of the Americans with Disabilities Act ("**ADA**") of 1990, as amended, 42 U.S.C. § 12101 (2009). (Doc. No. 25, p. 14). Specifically, Plaintiff asserts Defendants retaliated against him for

---

[3] Defendant Starpower's Partial Motion to Dismiss, (Doc. No. 27), also seeks dismissal of Count Seven of Plaintiff's Amended Complaint, which seeks damages for Defendants' alleged negligence in failing to carry workers' compensation insurance, (Doc. No. 25, pp. 18-19). On January 28, 2022, Plaintiff filed a Stipulation of Dismissal, dismissing Count Seven against Defendants without prejudice. See (Doc. No. 31). Accordingly, Defendant Starpower's Motion is DENIED IN PART AS MOOT to the extent it seeks dismissal of Plaintiff's negligence claim.

3

asserting his rights for reasonable accommodation under the ADA. Id. In their Motions, Defendants argue Plaintiff's retaliation claim should be dismissed for failure to exhaust administrative remedies because Plaintiff did not explicitly complain of retaliation in his EEOC Charge of Discrimination and his allegations of retaliation are not reasonably related to the allegations in his charge. (Doc. Nos. 28, pp. 3-5; 35, pp. 3-5). At this early stage, the Court disagrees.

The ADA, which is modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, requires "a plaintiff [to] exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012) (citing 42 U.S.C. § 2000e–5(b), (f)(1)). Plaintiffs are required to exhaust their administrative remedies to put employers on notice of the alleged violations and enable them to attempt to resolve the matter out of court. Miles v. Dell, 429 F.3d 480, 491 (4th Cir. 2005) (citing EEOC v. American Nat'l Bank, 652 F.2d 1176, 1186 (4th Cir. 1981)). In the case of an ADA lawsuit, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a later suit." Downie v. Revco Discount Drug Centers, Inc., 448 F. Supp. 2d 724, 728 (W.D. Va. 2006) (citing Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (discussing Title VII)).

Upon review of the parties' pleadings, Plaintiff's EEOC Charge of Discrimination, and applicable law, the Court finds, at this early stage, Plaintiff has sufficiently stated a plausible claim for retaliation under the ADA. Accordingly, Defendants' Motions to Dismiss are DENIED IN PART to the extent they seek dismissal of Plaintiff's retaliation claim.

**B. Preemption**

Defendants also seek dismissal of Count Three of Plaintiff's Amended Complaint, wherein Plaintiff asserts Defendants also violated the North Carolina Persons with Disabilities Protection Act (the "**NCPDPA**"), N.C. Gen. Stat. § 168A (2011). (Doc. No. 25, p. 15). Notably, Plaintiff claims the same alleged actions that form the basis of his ADA discrimination and retaliation claims against Defendants also violated the NCPDPA. Id. Defendants now contend Plaintiff's NCPDPA claim should be dismissed because it is preempted by the ADA. See (Doc. Nos. 28, 35). In response, Plaintiff alleges his state law claim is pled in the alternative to his ADA claims and therefore the state law claims should not be dismissed. (Doc. Nos. 25, p.15; 30, p. 7; 38, p. 7). This argument is without merit, as it is well settled that NCPDPA claims are preempted by, and therefore cannot be simultaneously filed with, claims under the ADA.

> The NCPDPA states, in relevant part:
>
> No court shall have jurisdiction over an action filed under this Chapter where the plaintiff has commenced federal judicial or administrative proceedings . . . under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended . . . involving or arising out of the facts and circumstances involved in the alleged discriminatory practice under this Chapter.

N.C. Gen. Stat. § 168A-11(c) (2011). This section has been uniformly interpreted by federal and North Carolina state courts as prohibiting plaintiffs from filing concurrent claims under both the ADA and the NCPDPA. See Bowling v. Margaret R. Pardee Memorial Hosp., 635 S.E.2d 624, 629 (N.C. Ct. App. 2006) ("The clear meaning of the language of N.C. Gen. Stat. § 168A–11(c) does not allow a plaintiff to file simultaneous federal and state claims, then see which one has a better chance of being successful."); Cone v. Randolph Cnty. Schs., 302 F. Supp. 2d 500, 514 (M.D.N.C. 2004), *aff'd*, 103 F. App'x 731 (4th Cir. 2004) ("Plaintiffs' claim under the NCPDPA arises from the same facts and circumstances as their ADA . . . claims, and as such fails as a matter

of law."); Morris v. BellSouth Telecomms., Inc., 302 F. Supp. 2d 515, 525 (M.D.N.C. 2004) ("Because plaintiff has raised her claims under the ADA, this Court does not have jurisdiction over her state law claim under N.C. Gen. Stat. [§] 168A–11 and it should be dismissed."); Gottesman v. J.H. Batten, Inc., 286 F. Supp. 2d 604, 615 n.7 (M.D.N.C. 2003) ("Plaintiff's claims under the ADA and NCPDPA arise out of the same facts and circumstances. Plaintiff's NCPDPA claim fails as a matter of law for this reason.").

Because Plaintiff has also raised his discrimination and retaliation claims under the ADA, and his NCPDPA claims arise out of the same facts as those ADA claims, his NCPDPA claims fail as a matter of law.[4] Accordingly, the Court GRANTS IN PART Defendants' Motions to Dismiss to the extent they seek dismissal of Plaintiff's NCPDPA claim.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Partial Motions to Dismiss, (Doc. Nos. 27, 34), are DENIED IN PART to the extent they seek dismissal of Plaintiff's claim of retaliation under the ADA and GRANTED IN PART to the extent they seek dismissal of Plaintiff's NCDPDPA claim. IT IS FURTHER ORDERED that Defendant Starpower's Partial Motion to Dismiss, (Doc. No. 27), is DENIED IN PART AS MOOT to the extent it seeks dismissal of Plaintiff's negligence claim.

---

[4] Moreover, the NCPDPA requires civil actions regarding employment discrimination be "commenced within 180 days after the date on which the aggrieved person became aware of or, with reasonable diligence, should have become aware of the alleged discriminatory practice or prohibited conduct." N.C. Gen.Stat. § 168A–12 (2011). Here, the last alleged discriminatory act described in Plaintiff's complaint occurred when Defendants terminated Plaintiff's employment on August 18, 2019. (Doc. No. 25, pp. 10-11). Plaintiff, however, did not file this action until September 22, 2021, more than two years after the date of Defendants' last alleged discriminatory act. Accordingly, Plaintiff's NCPDPA claim fails as a matter of law for this reason as well.

IT IS FURTHER ORDERED that Defendant Starpower's original Partial Motion to Dismiss, (Doc. No. 13), is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: June 13, 2022

Frank D. Whitney
United States District Judge